1  PAT LUNDVALL (NSBN 3761)
   KRISTEN T. GALLAGHER (NSBN 9561)
2  McDONALD CARANO WILSON LLP
   2300 West Sahara Avenue, Suite 1200
3  Las Vegas, Nevada 89102
   Telephone: (702) 873-4100
4  Facsimile:  (702) 873-9966
   lundvall@mcdonaldcarano.com
5  kgallagher@mcdonaldcarano.com

6  JON COREY (admitted *pro hac vice*)
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
7  777 6th Street NW, 11th Floor
   Washington, D.C. 20001
8  Telephone: (202) 538-8000
   Facsimile: (202) 538-8100
9  joncorey@quinnemanuel.com

10
   DOMINIC SURPRENANT (admitted *pro hac vice*)
11 SCOTT L. WATSON (admitted *pro hac vice*)
   VALERIE LOZANO (admitted *pro hac vice*)
12 QUINN EMANUEL URQUHART & SULLIVAN, LLP
   865 S. Figueroa St., 10th Floor
13 Los Angeles, CA 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100
   ds@quinnemanuel.com
15 scottwatson@quinnemanuel.com
   valerielozano@quinnemanuel.com
16

17 *Additional Counsel Listed On Signature Page*

18
   *Attorneys for plaintiff ClarkWestern Dietrich*
19 *Buildings Systems, LLC d/b/a ClarkDietrich*

20              **UNITED STATES DISTRICT COURT**

21                    **DISTRICT OF NEVADA**

22 CLARKWESTERN DIETRICH BUILDING         Case No.: 2:14-cv-01319-RFB-GWF
   SYSTEMS LLC d/b/a CLARKDIETRICH, an
23 Ohio limited liability company,

24              Plaintiff,                **[PROPOSED] PROTECTIVE ORDER
                                          FOR CONFIDENTIAL INFORMATION**
25
   vs.
26
   ALLSTEEL & GYPSUM PRODUCTS, INC.,
27 a Florida corporation; CONSOLIDATED
   FABRICATORS CORP., a California
28

corporation; CRACO MANUFACTURING, INC., a South Carolina corporation; CUSTOM STUD, INC., a Minnesota corporation, DESIGN SHAPES IN STEEL, INC., a California corporation, FRAMETEK STEEL PRODUCTS, INC., a California corporation; and UNITED METAL PRODUCTS, INC.; a California corporation,

Defendants.

WHEREAS ClarkWestern Dietrich Building Systems LLC (d/b/a ClarkDietrich) ("Plaintiff") and AllSteel & Gypsum Products, Inc., Consolidated Fabricators Corp., Craco Manufacturing, Inc., CUSTOM STUD, Inc, Design Shapes in Steel, Inc., FrameTek Steel Products, Inc. and United Metal Products, Inc. (hereinafter "Defendants") (each a "Party" and together the "Parties") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

1. **Applicability of this Protective Order:** This Proposed Protective Order for Confidential Information (the "Protective Order") does not and will not govern any trial proceedings in this action but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties that give testimony in this action or produce documents or other information to parties and to non-parties; "Receiving Party" shall refer to the parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 3 and 4 of this Protective Order to obtain access to Confidential Information or the contents of such Discovery Material.

2. **Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "For Authorized Counsel Only" under the terms of this Protective Order if the

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined as follows:

        a.      For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public, trade secrets, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the Producing Party in good faith believes is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.  Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information.  A Producing Party may also designate as "Confidential" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

        b.      For purposes of this Protective Order, "For Authorized Counsel Only" means any Confidential Information as defined in Section 2(a) above that also includes extremely sensitive, highly confidential, non-public information, including but not limited to, certain business information, business dealings, dealings with customers/prospective customers, customer sales analyses, invoices, research and development, product development-related ideas, concepts, unpublished intellectual property applications, and information, financial, accounting, and inventory information, which further includes pricing information, forecasts, budgets, business plans, process descriptions, customer lists, marketing plans and analyses, whether implemented or not, and other related and/or similar information, the disclosure of which could create a substantial risk of competitive or business injury to the Producing Party.  A Producing Party may re-designate material originally "Confidential" as "For Authorized Counsel Only" by giving written notice of such a re-designation to all parties.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

3.    **Persons Authorized to Receive Confidential Information.**  The following persons may have access to materials designated as "Confidential":

  a.  A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  b.  Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

  c.  Court personnel, stenographic reporters, litigation support vendors engaged in activities incidental to discovery or preparation for trial, and mock jurors;

  d.  Consulting or testifying experts retained by counsel for a party in connection with this proceeding (the "Retaining Party"), provided that any such expert (1) is not employed by or a consultant to a competitor of the party whose Confidential Information is to be disclosed (the "Other Party"); (2) is not employed by or a consultant to a supplier, customer, or entity otherwise related to either the Retaining Party or Other Party; and (3) does not have a continuing business relationship with either the Retaining Party or Other Party or its related entities beyond litigation support in this case;

  e.  A testifying witness at any deposition or other proceeding this action; and

  f.  Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

4.    **Persons Authorized to Receive Attorney's Eyes Only Information.**  The following persons may have access to materials designated as " For Authorized Counsel Only":

  a.  Outside counsel for a party (including legal assistants, clerical personnel, and paralegals employed by such outside counsel);

  b.  Court personnel, stenographic reporters, litigation support vendors engaged in activities incidental to discovery or preparation for trial (*e.g.*, Court-appointed ESI vendors), and mock jurors;

  c.  Consulting or testifying experts retained by counsel for a party in connection with this proceeding (the "Retaining Party"), provided that any such expert (1) is not employed by or a consultant to a competitor of the party whose Highly Confidential Information

is to be disclosed (the "Other Party"); (2) is not employed by or a consultant to a supplier, customer or entity otherwise related to either the Retaining Party or Other Party; and (3) does not have a continuing business relationship with either the Retaining Party or Other Party or its related entities beyond litigation support in this case;

d.      The author or recipient of a materials designated "For Authorized Counsel Only" testifying at any deposition or other proceeding this action or any other witness who questioning counsel reasonably believes authored or received such materials; and

e.      Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

5.      Any copies, summaries, abstracts, or exact duplications of Confidential Information or Highly Confidential – For Authorized Counsel Only Information shall be marked "Confidential" or "For Authorized Counsel Only" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order.   Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information.

6.      Before disclosing Confidential Information or Highly Confidential Information to any consulting or testifying expert, counsel for the Retaining Party shall provide such expert a copy of this Order, which he or she shall read and upon reading shall complete and sign the Acknowledgement attached as Exhibit A.

7.      Upon receipt of the information described in Section 6, the Other Party shall have seven (7) calendar days to serve a written objection to the proposed disclosure of its Confidential or Highly Confidential Information, which shall state with specificity the reasons for such objection.  If counsel for the Other Party objects within seven (7) calendar days, there shall be no disclosure to such expert except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) calendar days of the service of the objection.  On any motion brought pursuant to this Section, the Other Party shall bear the burden of showing why disclosure

to that expert should be precluded.  Failure to timely oppose the motion operates as a waiver of the Other Party's right to object to disclosure of Confidential or Highly Confidential Information to such expert; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

8. Confidential and Highly Confidential Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action. Nothing in this Protective Order shall preclude the use in this action of any documents produced in the action captioned ClarkWestern Dietrich Building Systems, LLC v. Ware Industries, Inc., et al., pending in Butler County, Ohio, Case No. CV 2013 10 2809 (and the action consolidated therewith, Case No. CV 2013 10 3027).

9. Confidential and Highly Confidential Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Stipulated Protective Order.

10. The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential or Highly Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  Disclosure of such Discovery Materials to any other person prior to later designation of the discovery materials in accordance with this Section shall not violate the terms of this Protective Order.  However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions reasonably necessary to prevent any unauthorized disclosure subject to the provisions of this Protective Order.

11. Any of the parties to this action can challenge the designation of materials as "Confidential" or "For Authorized Counsel Only" under this Protective Order.  The signing of this Protective Order or failure of a party, at the time it receives Confidential Information or

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

Highly Confidential Information, to challenge or object to the "Confidential" or "For Authorized Counsel Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "For Authorized Counsel Only" designation at any later time.  In the event that any party desires to challenge at any time the designation of "Confidential" or "For Authorized Counsel Only" materials, the challenging party shall, pursuant to Local Rule 26-7, first consult with the party that made the challenged designation.  If the parties cannot reach agreement as to the appropriate designation for such materials, then the challenging party may move the Court within ten (10) calendar days of the Rule 26-7(b) conference to lift the designation, with the Producing Party bearing the burden of proof to justify the designation was appropriate.  Failure to make said motion within ten (10) calendar days of the Rule 26-7(b) conference shall result in the materials being deemed appropriately designated.  Any contested information shall continue to be treated as confidential or highly confidential and subject to this Protective Order until such time as such motion has been ruled upon.

12.     Confidential Information and Highly Confidential Information shall not include any materials which:

a.     Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party;

b.     Are not under law entitled to be treated as confidential;

c.     Are made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming their confidential nature;

d.     Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential in this action and that the Receiving Party is not otherwise obligated to treat as confidential; or

e.     Were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential or Highly Confidential Information.

Notwithstanding the foregoing, compilations and/or summaries of materials may nonetheless be deemed and designated, in good faith, as "Confidential" or "For Authorized Counsel Only" and are subject to this Protective Order even though some of the materials contained in such compilations and/or summaries may have been produced to non-parties on a non-confidential basis.

13.     With the exception of court personnel, including judges, magistrates, court clerks, mediators, and court reporters, any person, prior to receiving any Confidential or Highly Confidential Information, shall be provided with a copy of this Protective Order and shall acknowledge in writing, in the Acknowledgement attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it.

14.     Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential or Highly Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

15.     Any person in possession of Confidential or Highly Confidential Information must exercise reasonable and appropriate care with regard to the storage, custody and use of such Confidential or Highly Confidential Information in order to ensure that the confidential nature of the same is maintained.

16.     Any party or non-party may designate depositions and other testimony (including exhibits) as "For Authorized Counsel Only" by indicating on the record at the time the testimony is given, or within seven (7) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "For Authorized Counsel Only."  Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential" by indicating on the record at the time the testimony is given, or within fourteen (14) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential."  If no confidentiality designations are made within the fourteen (14) calendar day period, the entire transcript shall be considered non-confidential. During the fourteen (14) calendar day period, the entire transcript and video shall be treated as

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

"For Authorized Counsel Only" for the first seven (7) days and shall be treated as "Confidential" for the next seven (7) days.  All originals and copies of deposition transcripts that contain Confidential or Highly Confidential Information shall be prominently marked "Confidential" or "For Authorized Counsel Only" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed with a concurrent request that the Court file the designated portions of the transcript under seal.  Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Sections 2(a) and 2(b).

17.    Any Producing Party may designate documents it produces in the case as "Confidential" or " For Authorized Counsel Only" by prominently marking the documents as "Confidential" or "For Authorized Counsel Only".  If and when originals and copies of documents marked "Confidential" or "For Authorized Counsel Only" are filed with the Court, they should be filed with a concurrent request that they be filed under seal.

18.    Any party may designate the entirety of, or any portion of, its discovery responses as "Confidential" or "For Authorized Counsel Only" by prominently marking the responses with "Confidential" or "For Authorized Counsel Only".  If and when originals or copies of any discovery responses marked "Confidential" or "For Authorized Counsel Only" are filed with the Court, they should be filed with a concurrent request that they be filed under seal.

19.    If any Confidential or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

20.    In accordance with Federal Rule of Evidence 502(d), the parties stipulate and agree, and the Court hereby orders, that the disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

Disclosing Party would be entitled in the litigation or any other federal or state proceeding.  This Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."   In addition, the fact that a document or other material was disclosed shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has disclosed any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the Receiving Party that such document covered by the attorney-client privilege and/or work product doctrine may have been produced, the Receiving Party of said document or material shall return it and all copies within seven (7) calendar days to the Producing Party.  After the return of the document(s) or material(s), the Receiving Party may challenge the disclosing party's claim of attorney-client privilege and/or work product doctrine by making a motion the Court.  In accordance with Federal Rule of Evidence 502(e), the Parties' foregoing stipulation and agreement on the effect of disclosure of Privileged Information is binding on the Parties regardless of whether or not the Court enters this Stipulated Protective Order for Confidential Information.

21.     Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential" or, except in the case of in-house counsel, "For Authorized Counsel Only," provided, however, that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential or Highly Confidential Information contrary to the terms of this Protective Order.

22.     The provisions of this Protective Order shall also apply to materials and deposition testimony produced by non-parties in discovery in this action, and non-parties may

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

designate their materials and deposition testimony as confidential in accordance with the provisions of this Protective Order.

23. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection. Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable Sections of this Protective Order.

24. Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential or Highly Confidential Information.

25. The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, the right to seek a modification of this Protective Order; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Producing Party designates or marks as containing Confidential or Highly Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

26. If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential and/or Highly Confidential Information pursuant to this

1  Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile,

2  or electronic mail transmission to all counsel of record for such Producing Party no later than ten

3  (10) business days of receipt of such subpoena, demand or legal process or such shorter notice as

4  may be required to provide other parties with the opportunity to object to the immediate

5  production of the requested discovery materials to the extent permitted by law.  The burden of

6  opposing enforcement of the subpoena shall fall upon the party or non-party who produced or

7  designated the discovery material as Confidential and/or Highly Confidential Information.  In the

8  event a Producing Party objects to the production of the Confidential and/or Highly Confidential

9  in any manner, the Receiving Party shall not disclose or produce any Confidential or Highly

10  Confidential Information absent a direct court order to do so.  Compliance by the Receiving

11  Party with any order directing production pursuant to a subpoena of any Confidential and/or

12  Highly Confidential Information shall not constitute a violation of this Protective Order.

13  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful

14  order issued in another action.

15        27.    Within thirty (30) calendar days after the later of the final disposition of this

16  action or the Ohio actions, all Confidential and/or Highly Confidential Information produced by

17  an opposing party or non-party (including, without limitation, any copies, extracts or summaries

18  thereof) as part of discovery in this action shall be destroyed by the parties to whom the

19  Confidential and/or Highly Confidential Information was produced, and each counsel shall, by

20  declaration delivered to all counsel for the Producing Party, affirm that all such Confidential

21  and/or Highly Confidential Information (including, without limitation, any copies, extracts or

22  summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to

23  retain pleadings, motions and memoranda in support thereof, declarations or affidavits,

24  deposition transcripts and videotapes, or documents reflecting attorney work product or

25  consultant or expert work product, even if such material contains or refers to Confidential and/or

26  Highly Confidential Information, but only to the extent necessary to preserve a litigation file

27  with respect to this action.

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

28.    This Protective Order may be signed in counterparts, and a facsimile or "PDF"

signature shall have the same force and effect as an original ink signature.

29.    The obligations of this Protective Order shall survive the termination of the

action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

information disclosed hereunder.

RESPECTFULLY SUBMITTED this 10th day of November, 2014.

McDONALD CARANO WILSON LLP

By: */s/ Kristen T. Gallagher*
   Pat Lundvall (NSBN 3761)
   Kristen T. Gallagher (NSBN 9561)
   2300 West Sahara Avenue, Suite 1200
   Las Vegas, Nevada 89102
   Telephone: 702.873.4100
   Facsimile: 702.873.9966
   lundvall@mcdonaldcarano.com
   kgallagher@mcdonaldcarano.com

   Jon Corey
   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   777 6th Street NW, 11th Floor
   Washington, D.C. 20001
   Telephone: (202) 538-8000
   Facsimile: (202) 538-8100
   joncorey@quinnemanuel.com
   (admitted *pro hac vice*)

   Dominic Surprenant
   Scott L. Watson
   Valerie Lozano
   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   865 S. Figueroa St., 10th Floor
   Los Angeles, CA 90017
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
   ds@quinnemanuel.com
   scottwatson@quinnemanuel.com
   valerielozano@quinnemanuel.com
   (admitted *pro hac vice*)

   Matthew C. Blickensderfer
   Stephen R. Hernick
   FROST BROWN TODD LLC
   3300 Great American Tower
   301 East Fourth Street
   Cincinnati, Ohio 45202
   Telephone: (513) 651-6162

BACKUS, CARRANZA & BURDEN

By: */s/ Leland Eugene Backus*
   Leland Eugene Backus (NSBN 0473)
   3050 South Durango Drive
   Las Vegas, Nevada 89117
   Telephone: 702.872.5555
   Facsimile: 702.872.5545
   gbackus@backuslaw.com

   Gregory D. Brunton
   Nicholas S. Bobb
   REMINGER CO., LPA
   65 East State Street, Suite 400
   Columbus, Ohio 43215-4227
   Telephone: (614) 228-1311
   Facsimile: (614) 232-2410
   gbrunton@reminger.com
   nbobb@reminger.com
   (*pro hac vice* submitted)

   *Attorneys for Defendants Allsteel & Gypsum*
   *Products, Inc., Consolidated Fabricators*
   *Corp., Craco Manufacturing, Inc., Custom*
   *Stud, Inc., Design Shapes in Steel, Inc.,*
   *FrameTek Steel Products, Inc., and United*
   *Metal Products, Inc.*

1   Facsimile: (513) 651-6981
    mblickensderfer@fbtlaw.com
2   shernick@ftblaw.com
    (admitted *pro hac vice*)
3
    Anthony Cillo
4   Barbara A. Scheib
    Fridrikh V. Shrayber
5   COHEN & GRIGSBY, P.C.
    625 Liberty Avenue
6   Pittsburgh, Pennsylvania 15222-3152
    Telephone: (412) 297-4974
7   Facsimile: (412) 209-0672
    acillo@cohenlaw.com
8   bscheib@cohenlaw.com
    fshrayber@cohenlaw.com
9   (admitted *pro hac vice*)

10  *Attorneys for plaintiff ClarkWestern*
    *Dietrich Buildings Systems, LLC d/b/a*
11  *ClarkDietrich*

12
                                                    IT IS SO ORDERED:
13
14                                                  _____
                                                    UNITED STATES MAGISTRATE JUDGE
15
                                                    DATED:   November 12, 2014
16
17
18
19
20
21
22
23
24
25
26
27
28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC d/b/a CLARKDIETRICH, an Ohio limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALLSTEEL & GYPSUM PRODUCTS, INC., a Florida corporation; CONSOLIDATED FABRICATORS CORP., a California corporation; CRACO MANUFACTURING, INC., a South Carolina corporation; CUSTOM STUD, INC., a Minnesota corporation, DESIGN SHAPES IN STEEL, INC., a California corporation, FRAMETEK STEEL PRODUCTS, INC., a California corporation; and  UNITED METAL PRODUCTS, INC.; a California corporation,<br><br>                    Defendants. | Case No.: 2:14-cv-01319-RFB-GWF |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____ declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job title is _____.

4.    I have received a copy of the Protective Order filed in the above-entitled action, signed

by the Court on _____.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I certify that I am eligible to have access to materials designated as

          [ ] Confidential

          [ ] For Authorized Counsel Only

under the terms of the Protective Order.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1

1    7.      I agree to be bound by all provisions of the Protective Order.

2    8.      I will hold in confidence, will not disclose to anyone not qualified under the Protective

3            Order, and will use only for purposes of this action, any Confidential Information

4            disclosed to me.

5    9.      I will return all Confidential Information that comes into my possession, and documents

6            or things that I have prepared relating thereto, to counsel for the party by whom I am

7            retained or from whom I received it at the conclusion of my retainer or at the final

8            termination of the litigation.

9    10.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

10           Protective Order in this action.

11           I declare under penalty of perjury under the laws of the United States of America that the

12   foregoing is true and correct.

13   Dated: _____      _____

14                                              (Signature)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2