1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CLARKWESTERN DIETRICH BUILDING ) Case No. 2:14-cv-01319-RFB-GWF
SYSTEMS LLC d/b/a CLARKDIETRICH ) **Consolidated with:**
) 2:15-cv-00924-RFB-GWF
             Plaintiff,                    )
)
vs.                                        ) **ORDER**
)
ALLSTEEL & GYPSUM PRODUCTS, INC. )
*et al.,*                                  )
)
             Defendants.                   )
_____)

14    This matter is before the Court on Plaintiff's request for an award of attorney's fees on its

15  Omnibus Motion to Compel (#76) filed on April 7, 2015.  Also before the Court is Defendants'

16  Motion for Fees and Expenses Pursuant to Fed.R.Civ.Pro. 37(a)(5)(B) (#87).  The Court conducted

17  a hearing in this matter on May 18, 2015 and directed Plaintiff to file a submission of the attorney's

18  fees it seeks, including billing records.  Plaintiff filed its Submission Re: Attorney's fees Re:

19  Plaintiff's Omnibus Motion to Compel (#113) on May 22, 2015 and also submitted an unredacted

20  copy of the billing records for the attorney's fees sought for *in camera* review by the Court.

21  Defendants Craco Manufacturing Inc., Design Shapes In Steel, Inc. and Frametek Products, Inc.

22  filed a Response to Plaintiff's Submission (#121) on May 29, 2015, and an Errata to Defendants'

23  Response (#122) on June 1, 2015.  Other Defendants filed joinders and responses to Plaintiff's

24  Submission.  *See Docket Nos. 128, 133, 134, 135, 136,* and *138.*  Plaintiff filed an Objection (#140,

25  #141) to these responses or joinders as being untimely.

26                              **BACKGROUND AND DISCUSSION**

27    Plaintiff's Omnibus Motion to Compel arose out of its efforts to obtain complete responses

28  to its written discovery requests.  At the time those requests were served, the Defendants were

1  collectively represented by the law firms of Backus, Carranza & Burden ("Backus"), a Nevada law

2  firm, and Reminger Co., LPA ("Reminger"), an Ohio law firm.  Since that time some of the

3  Defendants have obtained different counsel and/or have settled with the Plaintiffs.  The Backus and

4  Reminger law firms now represent only Defendants Craco Manufacturing Inc., Design Shapes In

5  Steel, Inc. and Frametek Products, Inc.

6     On or before March 17, 2015, Plaintiff's counsel had given the Defendants a deadline of

7  March 31, 2015 in which to provide discovery responses and to supplement their Rule 26

8  disclosures.  *Plaintiff's Omnibus Motion Appendix (#78), Exhibit 17.*  On March 23, 2015,

9  Plaintiff's counsel, Valerie Lozano, sent a letter to attorney James Conway of the Backus law firm

10  which stated in relevant part as follows:

11      I write regarding the various outstanding discovery issues plaintiff
    has been raising since the end of January, none of which have been

12      fully resolved.  As you know, we have provided you more than ample
    time to respond to our repeated requests to meet and confer and have

13      been accepting your repeated requests for additional time.  We have
    been doing so in good faith based on, among other things, your

14      representations that you were busy with other matters.

15     *Plaintiff's Omnibus Motion Appendix (#78), Exhibit 8, pgs. 0032.*

16     The letter further discussed Plaintiff's counsel's unsuccessful effort to schedule a meet and

17  confer conference on March 19, 2015 which Defendants' counsel postponed because he was busy

18  preparing for an arbitration.  Mr. Conway indicated that he would not be able to meet until March

19  26, 2015.  Plaintiff's counsel noted that despite Mr. Conway's unavailability to discuss Defendants'

20  discovery responses on March 19th, Defendants served their own discovery requests to Plaintiff on

21  March 21, 2015.  *Id.*  Plaintiff's counsel concluded her letter as follows:

22      On March 26, 2015, please be prepared to discuss all outstanding
    issues that require further meet and confer.  Please propose times for

23      this call by Tuesday, March 24, 2015.  If by the close of business
    March 31, 2015, we do not receive from defendants amended or

24      supplemental responses to all the discovery which plaintiff has raised
    issues, as well as supplemental Rule 26 disclosures, we will be

25      moving to compel immediately and seeking all associated costs.

26     *Id, pgs. 0032-33.*

27     Ms. Lozano and Mr. Conway engaged in a telephonic conference on March 26, 2015.

28  Following this conference, Ms. Lozano sent a letter to Mr. Conway, which stated in relevant part:

1             I write to confirm our discussions during our telephonic meet and confer earlier today, March 26, 2015.

2

3             **Defendants' Objections & Responses to Plaintiff's Second Set of RFPs.**

4             You agreed to the proposal set forth in my March 5, 2015 letter regarding the phone record-related documents defendants produced

5             in redacted form.  Specifically, you agreed that, by no later than two weeks from today, defendants would produce the documents wholly

6             unredacted and designate them under the protective order.

7             With respect to requests propounded on Frametek related to Mr. Trent (first raised in my February 13 letter), you agreed as follows:

8

9             [The letter then proceeds with a discussion of Defendants' agreement to respond to particular requests for production]

10             * * * * * * *

11             With respect to certain defendants' forthcoming supplemental productions that we have discussed previously, you stated that those

12             documents would be produced no later than two weeks from today.

13        *Plaintiff's Omnibus Motion Appendix (#78), Exhibit 36, pgs. 0242-43.*

14            "[T]wo weeks from today" as stated in the letter was April 9, 2015.  Plaintiff takes the

15 position that the only extension of time granted by Ms. Lozano during the March 26 telephone

16 conference, and as confirmed in her letter, was with respect to Defendants' responses to Plaintiff's

17 Second Set of RFPs.  Plaintiff argues that Defendants' responses to all prior discovery requests and

18 for supplementation of Defendants' Rule 26 disclosures remained due on or before the close of

19 business on March 31, 2015 as stated in Ms. Lozano's earlier March 23, 2015 letter.  Mr. Conway's

20 interpretation of the March 26th conference and Ms. Lozano's letter was that Defendants would

21 have until April 9, 2015 in which to serve responses to all outstanding discovery requests and to

22 supplement their disclosures.  *Defendants' Response to Plaintiff's Submission (#121), Declaration*

23 *of James J. Conway, Esq.*, ¶¶ 6-7.

24            Plaintiff's assertion that Defendants' responses to the earlier discovery requests remained

25 due on March 31, 2015 is arguably contradicted by the last sentence of Ms. Lozano's March 26,

26 2015 letter.  Furthermore, Ms. Lozano's statement in her March 23, 2015 letter that Plaintiff would

27 file a motion to compel if Defendants' discovery responses were not received by March 31, 2015

28 appears to have been predicated on Defendants' counsel not participating in a discovery conference

1   on March 26, 2015 as Ms. Lozano demanded.  Mr. Conway, however, did participate in the

2   conference.  It seems odd that Plaintiff's counsel would not have specifically informed Defendants'

3   counsel of the deadline for responding to Defendants' earlier discovery requests during the March

4   26th telephone conference, and have not made that deadline explicit in her follow-up confirming

5   letter.   Plaintiff's counsel may have sincerely believed that she was only extending the deadline

6   with respect to the second set of requests for production.  It is was, however, also reasonable for

7   Defendants' counsel to believe that Defendants had until April 9, 2015 to serve their responses to

8   all outstanding discovery requests and to supplement their Rule 26 disclosures.

9        Plaintiff filed its Omnibus Motion to Compel (#76) on April 7, 2015.  It is somewhat

10  mystifying why Plaintiff's counsel did not wait until April 9, 2015 to see what documents and other

11  information was produced by Defendants before proceeding with the motion to compel.  Plaintiff

12  also included in its motion a request that the Court order Defendant Frametek to produce

13  documents responsive to Plaintiff's second set of requests for production. *Omnibus Motion (#76),*

14  *pg. 2.*  Plaintiff, however, had clearly granted an extension of time until April 9, 2015 with respect

15  to those requests.  Thus, even under Plaintiff's own view of the extension, the motion was

16  premature as to those requests.  Defendants did, in fact, produce documents and information on

17  April 9, 2015, and thereafter provided additional supplementation to its responses two days before

18  its response to the omnibus motion to compel was due.

19       Rule 37(a)(5) of the Federal Rules of Civil Procedure states that if the disclosure or

20  requested discovery was provided after the motion to compel was filed, "the court must, after

21  giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

22  motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

23  expenses incurred in making the motion, including attorney's fees."  The Rule provides, however,

24  that the court must not order this payment if (i) the movant filed the motion before attempting in

25  good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

26  nondisclosure, response or objection was substantially justified; or (iii) other circumstances make

27  an award of expenses unjust.

28  . . .

1       The Court finds that Defendants had a reasonable basis to believe that they had until April

2   9, 2015 in which to respond to the outstanding discovery requests and that they were therefore

3   substantially justified in not serving their responses before that date.  Alternatively, the Court finds

4   that an award of attorney's fees to Plaintiff would be unjust based on all the circumstances

5   discussed above.  The Court previously stated that it would not award fees or costs to Defendants

6   on their counter-motion.  The Court notes that even after April 9, 2015, Defendant was required to

7   make further supplementation to its discovery responses.  Thus, an award of fees to Defendants

8   would also be unjust.  Other than the parties' respective requests for attorney's fees, all other issues

9   relating to Plaintiff's omnibus motion to compel have been resolved.  Accordingly,

10       **IT IS HEREBY ORDERED** that Plaintiff's Omnibus Motion to Compel (#76) and

11   Plaintiff's Submission Re: Attorney's fees Re: Plaintiff's Omnibus Motion to Compel (#113) are

12   **denied.**

13       **IT IS FURTHER ORDERED** that Defendants' Motion for Fees and Expenses Pursuant to

14   Fed.R.Civ.Pro. 37(a)(5)(B (#87) is **denied**

15       DATED this 19th day of June, 2015 .

16

17   _____
     GEORGE FOLEY, JR.
18   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28